B. Alexander Moghaddam (SBN 141199)
Moghaddam & Jorgensen LLP
10100 Santa Monica Blvd., Suite 300
Los Angeles, CA 90067
Tel.: (310) 315-3442
Fax: (310) 315-4144
Alex@Moghaddamlaw.com

Attorneys for Plaintiff
MAERSK LINE A/S

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MAERSK LINE A/S, | Case No.: |
| Plaintiff, | **IN ADMIRALTY** |
| vs. | **COMPLAINT FOR BREACH OF MARITIME CONTRACT** |
| K-LINK LOGISTICS, INC., | |
| Defendant. | |

Plaintiff MAERSK LINE A/S (hereinafter "MAERSK") for its Complaint herein, alleges:

**JURISDICTION AND VENUE**

1. This is a maritime claim within the admiralty jurisdiction of this Court, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. Section 1333. This is an admiralty and maritime claim in that the claim involves the ocean transportation of goods in international commerce under an ocean bill of lading and an ocean carrier's tariff.

2. Venue is proper in this District under 28 U.S.C. Section 1391 in that the Defendant resides and can be found within the jurisdiction, and the Defendant

is subject to personal jurisdiction in this District at the time the action is commenced.

## PARTIES

3. Plaintiff MAERSK is a business entity organized and existing under the laws of Denmark and, at all material times, was engaged in the business of carrying goods for hire on ocean-going vessels under ocean bills of lading.

4. Plaintiff has filed a schedule of its rates and charges and service contracts for the carriage of cargo, ocean freight, wharfage and dockage, detention and demurrage and related charges with the Federal Maritime Commission or has otherwise maintained said rates, charges, tariffs or service contracts pursuant to the Act.

5. Plaintiff MAERSK is informed and believes and thereupon alleges that Defendant K-LINK LOGISTICS, INC. (hereinafter "K-LINK") is a California corporation with an office within this District and is, and at all material times was, doing business within the Court's jurisdiction. At all material times, K-LINK was engaged in business as a non-vessel operating common carrier and/or freight forwarder.

6. Defendant was at all material times the shipper of the cargo described hereinbelow and/or a person entitled to the possession of said cargo and the related bill of lading issued by MAERSK. The Defendant was the entity for whose account the transportation services set forth hereinbelow were provided by MAERSK and was the entity responsible for payment of charges relating to the cargo.

## BACKGROUND

7. In or about August 2016, Defendant K-LINK, as the shipper, booked one ocean container of cargo for shipment with MAERSK for carriage from Long Beach, California, to Yantian, China. K-LINK represented and warranted that the cargo in the container consisted of "3 UNITS OF USED DIGITAL FLEX

BANNERPRINTING MACHIUNES [sic]." MAERSK agreed to transport the container pursuant to its bill of lading no. MAEU 567427102 and the terms and conditions thereof. Defendant K-LINK was expressly named in the bill of lading as the shipper of the cargo. True and correct copies of the bill of lading and a printout of its terms and conditions are attached hereto as Exhibit "A".

8. MAERSK received the container, already loaded and sealed, on or about August 7, 2015, and carried the container on the vessel MSC ADELAIDE from Long Beach to Yantian without incident.

9. MAERSK fully performed all its obligations under the aforesaid contract of carriage, except those obligations, if any, which it was excused from performing.

10. After the container was discharged at Yantian, Chinese customs authorities discovered an automobile in the container, not the cargo described by K-LINK when it booked the shipment. As a direct result of the mis-description of the goods by K-LINK, MAERSK was assessed various Chinese customs fines and fees, and it incurred storage costs during the period September 2015 through May 2017, in an amount not less than $15,160.87.

## FIRST CAUSE OF ACTION

**(For Breach of Bill of Lading/Breach of Warranties)**

11. MAERSK refers to paragraphs l through 10 of this complaint and incorporates them herein by this reference.

12. The transportation of the container described hereinabove was performed pursuant to a bill of lading contract of carriage between MAERSK and K-LINK. The applicable bill of lading contained various clauses, including Clauses 14.3, 15.2, and 15.3, pursuant to which K-LINK, acting as the shipper, made express warranties regarding the accuracy of the description of the cargo loaded in the container; expressly agreed to be liable for, and indemnify MAERSK against, any and all losses, damages, expenses, fines, and attorneys' fees resulting

from the breach of said warranties; and expressly agreed to comply with all regulations and requirements of customs authorities and to bear and pay all duties, taxes, fines, imposts, expenses, and losses incurred by MAERSK as a result of K-LINK's failure to so comply. K-LINK breached these, and other, contractual warranties and obligations.

13. MAERSK has fully performed its obligations under the said bill of lading, except those obligations, if any, which it was excused from performing.

14. MAERSK has demanded that Defendant pay the amount due under said bill of lading, and Defendant has to date refused to pay said amount.

15. As a proximate result of Defendants' breach of said contract, including the warranties therein, and the matters set forth herein, Defendant is liable to MAERSK in an amount not less than $15,160.87, plus reasonable attorneys' fees, costs and expenses incurred as a result of Defendant's breaches and in this action to recover said amount and interest thereon.

WHEREFORE, Plaintiff MAERSK prays for judgment on its Complaint as follows:

1. For judgment in the principal amount of not less than $15,160.87;
2. For the costs of collection, including attorneys' fees, according to proof;
3. For the costs of suit, according to proof;
4. For pre-judgment and post-judgment interest;

///
///
///
///
///

1         5.     For reasonable attorneys' fees; and

2         6.     For such other and further relief as this Court may deem just and proper.

Dated: September 11, 2018         MOGHADDAM & JORGENSEN LLP

        By: */B. Alexander Moghaddam/*
            B. Alexander Moghaddam
            Attorneys for Plaintiff
            MAERSK LINE A/S